UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of                                                                                     101 West Lombard Street
**GEORGE L. RUSSELL, III**                                                        Baltimore, Maryland 21201
United States District Judge                                                              410-962-4055

November 14, 2013

MEMORANDUM TO PARTIES RE:        Saad Mohammed Fahad Buzwair Al Dosari v. Brian
                                                              A. McCormick, et al.
                                                              Civil Action No. GLR-13-2335

Dear Parties:

Pending before the Court is Plaintiff Saad Mohammed Fahad Buzwair Al Dosari's ("Al Dosari") unopposed[1] Motion for Withdrawal of Reference of Adversary Proceeding. (ECF No. 1). The Court, having reviewed the pleadings and supporting documents, finds no hearing necessary. See Local Rule 105.6 (D.Md. 2011). For the reasons that follow, Al Dosari's Motion will be granted.

This matter involves an alleged fraudulent real estate investment scheme perpetrated by Defendant Brian A. McCormick on several occasions. On February 15, 2013, Al Dosari filed a civil action in this Court against McCormick alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), common law fraud, unjust enrichment, and breach of guarantee agreement (the "District Court Complaint"). (See Al Dosari v. McCormick, No. 1:13-cv-00505-WDQ, ECF No. 1).[2] Unbeknownst to Al Dosari, however, an involuntary petition for relief was filed as to McCormick on August 30, 2012, and an order entering relief was entered on September 26, 2012. (See id., ECF No. 5). As a result, an automatic stay was issued and the case was administratively closed. (See id., ECF No. 6). On May 31, 2013, Al Dosari filed a Complaint Requesting Relief for Fraud and Other Violations and for Non-Dischargeability of Debt (the "Adversary Complaint" or "Adversary Proceeding"), fully incorporating the previously filed District Court Complaint, in the bankruptcy court. McCormick filed an Answer on July 16, 2013, and Al Dosari filed the pending Motion thereafter.

Al Dosari avers that withdrawal of the reference to the bankruptcy court is mandatory because the Adversary Proceeding involves a substantial and material interpretation of non-bankruptcy law. Specifically, Al Dosari argues that resolution of this matter requires an interpretation of RICO and state law claims concerning pre-petition conduct. Al Dosari argues, in the alternative, that permissive withdrawal is appropriate because it will promote efficiency and judicial economy. The Court finds that permissive withdrawal is appropriate in this matter.

_____

[1] Al Dosari filed this Motion in the Bankruptcy Court on July 25, 2013. Although a certificate of service is attached to the Motion, no response has been filed.

[2] The same day, Al Dosari also filed suit against McCormick in the Supreme Court of the State of New York, New York County.

Pursuant to Local Rule 402 (D.Md. 2011), all matters "arising under Title 11 or arising in or related to cases under Title 11" are automatically referred to the Bankruptcy Court for the District of Maryland.  See also 28 U.S.C. § 157(a) (2012) (permitting the same).  28 U.S.C. § 157(d) governs mandatory and permissive withdrawals of reference.  The burden of demonstrating mandatory and permissive withdrawal is on Al Dosari.  See In re U.S. Airways Grp., Inc., 296 B.R. 673, 677 (E.D.Va. 2003).

Withdrawal is mandatory when "resolution of the proceeding requires consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."  28 U.S.C. § 157(d).  This provision is generally construed narrowly to avoid withdrawal of matters that are properly before the bankruptcy court.  U.S. Airways, 296 B.R. at 677-78.  There is no binding precedent from the Fourth Circuit interpreting § 157(d) and district courts across the nation are split on the proper interpretation.  As a result, the Court will follow precedent from this district and apply the majority rule, which requires mandatory withdrawal when resolution of the claims require a "substantial and material" interpretation of a non-Title 11 statute.  See In re Merryweather Importers, Inc., 179 B.R. 61, 62 (D.Md. 1995); see also Snodgrass v. New Century Mortg. Corp., 358 B.R. 675, 678 (S.D.W.Va. 2006).  Under this rule, mandatory withdrawal is not warranted in cases "involving straightforward application of federal statutes to a particular set of facts," but is warranted in cases "involving federal questions that are complex or are of first impression."  Merryweather Importers, 179 B.R. at 62.

As an initial matter, Al Dosari avers several courts have found that allegations regarding RICO violations trigger mandatory withdrawal.  (See Mem. Supp. Mot. for Withdrawal of Reference of Adversary Proceeding at 5, ECF No. 1-1) (collecting cases).  The Court notes, however, that just as many courts have found the opposite.  See, e.g., Matter of Vicars Ins. Agency, Inc., 96 F.3d 949, 954 (7th Cir. 1996) (agreeing with the district courts that found mandatory withdrawal was not required because the case did not require anything more than a routine application of RICO); In re Adelphi Inst., Inc., 112 B.R. 534, 537-38 (S.D.N.Y. 1990) (noting that mandatory withdrawal is improper when only a routine application of RICO is required); In re E&S Facilities, Inc., 181 B.R. 369, 372-73 (S.D.Ind. 1995) (same).

The Court finds that withdrawal of reference of the Adversary Proceeding is not mandatory because Al Dosari has failed to show that the resolution of this matter requires a substantial and material interpretation of RICO.  In fact, in support of his argument Al Dosari merely states that this case requires a substantial and material interpretation of RICO without showing how the Court would be required to do more than a routine application of the facts to the RICO statute.  As a result, mandatory withdrawal is not required.

The Court finds, however, that permissive withdrawal is appropriate in this case.  Courts have "broad discretion" to decide whether a reference should be withdrawn.  In re Millennium Studios, Inc., 286 B.R. 300, 303 (D.Md. 2002).  There are six factors courts consider in making that decision: (1) whether the matter is a core proceeding; (2) promotion of uniformity in bankruptcy administration; (3) forum shopping; (4) conservation of resources; (5) expediency of the bankruptcy

proceedings; and (6) the likelihood of a jury trial.  See id. (citing In re EquiMed, Inc., 259 B.R. 269, 273 (D.Md. 2001).  Each factor favors withdrawal of the reference in this case.

As to the first factor, the RICO and common law claims at issue in this matter are non-core and are based upon pre-petition conduct.  The sole core claim is a determination that any judgment entered based upon the non-core claims be held non-dischargeable.  Second, because the crux of this litigation involves non-core matters, the bankruptcy court is limited to submitting proposed findings of fact and conclusions of law to the district court for de novo review.  See, e.g., Millennium Studios, 286 B.R. at 306.  This limitation propels factors two, four, and five in favor of withdrawal.  As to the third factor, there is no indication that Al Dosari is forum shopping because he originally filed this action in the district court, his Motion is timely, and the bankruptcy court has not made any substantive rulings in the Adversary Proceeding.  Finally, because the jury trial factor ultimately becomes a question of "efficient case administration," see In re Stansbury Popular Place, 13 F.3d 122, 128 (4th Cir. 1993), the Court finds that both parties' request for a jury trial favors withdrawal of the reference from the bankruptcy court.

For the foregoing reasons, the Court GRANTS Al Dosari's unopposed Motion for Withdrawal of Reference of Adversary Proceeding (ECF No. 1).  It is hereby ORDERED that the reference of Saad Mohammed Fahad Buzwair Al Dosari v. Brian A. McCormick, Adv. Proc. No. 13-00325-JFS (the "Adversary Proceeding"), now pending in the United States Bankruptcy Court for the District of Maryland (Baltimore Division) (the "Bankruptcy Court") is withdrawn; and it is FURTHER ORDERED that the Clerk of the Bankruptcy Court shall transmit all pleadings and papers filed or entered in the Adversary Proceeding to the Clerk of the United States District Court for the District of Maryland within fourteen days of the date of this Order.

Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is DIRECTED to docket it accordingly.  The Clerk is also DIRECTED to mail a copy of this Order to Mr. McCormick at his address of record.

Very truly yours,


_____/s/_____

George L. Russell, III
United States District Judge